IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | Case No. 19-01554-DSC13 |
| Aaron Laque Scott, and, | ) | |
| Jane Marie Scott, | ) | |
| | ) | |
| Debtors. | ) | Chapter 13 |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order address written requests submitted to the Court by Mr. and Mrs. Scott (the "Debtors" or the "Scotts") concerning a state court settlement and their former bankruptcy counsel's attorney fees. The Court held a hearing on these matters on May 10, 2022, and appearing at the hearing were the Scotts, Jared B. Arnold on behalf of his office ("Mr. Arnold"), and Mary Frances Fallow, staff attorney for the Chapter 13 Standing Trustee ("Trustee"). This Court approved Mr. Arnold's withdrawal as bankruptcy counsel for the Debtors on April 6, 2022, and the Scotts have since handled this chapter 13 case pro se.

Before the Court are the letter and request filed by the Debtors (doc. 90) and the Response filed by Mr. Arnold. (Doc. 95.) The Court treats the Scotts' letter and request as a motion ("Motion for Refund").[1] The issue which caused the deterioration of the relationship between the Scotts and Mr. Arnold concerns the settlement of Mrs. Scott's workers' compensation lawsuit. Specifically, the Debtors seek the release of Mrs. Scott's settlement proceeds as well as a refund of half or more of Mr. Arnold's attorney fee.

---

[1] An envelope was hand delivered to the bankruptcy clerk's office containing hand-written notes; emails from the Scotts addressing the Court; emails between the Scotts and Mr. Arnold's law firm; an email between Mrs. Scott and Honora M. Gathings, the attorney Mrs. Scott retained in her state court workers' compensation case; copies of Court orders pertaining to this case; and a copy of Mr. Arnold's Motion to Withdraw as counsel. (Doc. 90.)

Based upon the filings,[2] the representations and arguments made during the hearing, and for the reasons set forth herein, the Motion for Refund is due to be denied. The Court **FINDS** and **CONCLUDES** the following.

## I. FINDINGS OF FACT

**Before Bankruptcy**

Before filing for chapter 13 bankruptcy relief, Mrs. Scott filed a workers' compensation complaint in the Circuit Court of Jefferson County, Alabama, on May 23, 2018, against her employer, Donna Carroll, after a patient fell on Mrs. Scott and knocked her to the ground (the "State Court Case"). Mrs. Scott retained Honora M. Gathings ("Mrs. Gathings") to represent her in the State Court Case. The parties attempted to settle outside of court, but they were unsuccessful and the State Court Case was dismissed in January 2019. Mrs. Scott moved to reopen the case, but the state court denied the motion when neither party appeared for the status conference. The state court entered another order of dismissal on May 14, 2019, and took no further action.[3]

**After Bankruptcy**

The Scotts retained Mr. Arnold as bankruptcy counsel for a fee of $3,500 and he filed their joint chapter 13 case on April 12, 2019. According to Mr. Arnold's Disclosure of Compensation (doc. 1 at 44), the Scotts paid $450 towards Mr. Arnold's fee prepetition, and they proposed to pay the remaining balance of $3,050 through the administration of their chapter 13

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files, and the Court does so in this case. *See IT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[3] In the State Court Case, Mrs. Gathings filed a motion to set aside the second dismissal order, explaining that her absence from the status conference was due to a clerical error on her calendar. The state court set Mrs. Gathings' motion for a hearing but later entered an order mooting the motion.

2

plan. (Doc. 95 at ¶ 3.) In addition to filing their bankruptcy petition and the chapter 13 plan, Mr. Arnold attended the Debtors' § 341 meeting of creditors and advised the Scotts on a creditor's motion to approve loan modification. (*Id.* at 6.) Notably, Mr. Arnold did not appear at the confirmation hearing held on June 25, 2019. Nonetheless, the Court confirmed the Scotts' chapter 13 plan and reduced Mr. Arnold's attorney fee by half under Local Bankruptcy Rule 2016-1(l)(1)(c), awarding only $1,750 of the attorney fee requested based on Mr. Arnold's failure to appear.[4] (Doc. 39.)

**Worker's Compensation Settlement**

Mrs. Gathings filed a Motion to Approve Compromise or Settlement on June 30, 2020 (doc. 56), declaring a $10,000 settlement between Mrs. Scott and the defendant in the State Court Case. (Doc. 56 at ¶ 4.) Mrs. Gathings also filed an Application to Employ her law firm as Mrs. Scott's special counsel (doc. 55) and an Application for Compensation and Expenses regarding the State Court Case. (Doc. 58.) The Court held a hearing on August 11, 2020, and granted the Motion to Approve Compromise. (Doc. 66.) Although the Court's Order directed that the net settlement proceeds be disbursed to the Trustee and applied to the Scotts' chapter 13 case, the Trustee's attorney stated at the August 11, 2020, hearing that the Trustee had not received the settlement funds.

The Court continued the Application for Compensation after Mrs. Gathings indicated, during the hearing, that her office was "having issues" obtaining Mrs. Scott's signature on the Application for Employment. Mrs. Gathings also represented that she was not in possession of the settlement funds, and that the "other side has the money."[5] According to the documents

---

[4] In his response, Mr. Arnold explains that he did not appear at the Scotts' confirmation hearing due to a tire blowout and a car accident earlier that day, and the Scotts were made aware by his staff. (Doc. 95 at ¶ 5.)

[5] Mrs. Gathings stated at the August 11, 2020, hearing that Mrs. Scott had been demanding to receive the settlement

3

Case 19-01554-DSC13    Doc 97    Filed 06/09/22    Entered 06/09/22 07:59:22    Desc Main
Document    Page 3 of 10

submitted, Mrs. Gathings informed Mrs. Scott that she had contacted defense counsel to discuss where the settlement proceeds should be sent once approved. (Doc. 90 at 6.) Mrs. Gathings also urged Mrs. Scott to communicate with her only by written letter because of the bar complaint filed by Mrs. Scott against her. (*Id*. at 6.) This Court approved Mrs. Gathings' amended Application for Employment on August 21, 2020 (doc. 72), and the Court approved her Application for Compensation on September 14, 2020. (Doc. 74.)

This Court held another hearing on December 1, 2020, regarding Mrs. Scott's Motion to Use the Personal Injury Claim Proceeds (doc. 77) for a down payment on a new vehicle, which was approved by the Court. (Doc. 80.) Again, the Trustee's attorney stated during the hearing that the Trustee had not received the settlement funds. Mr. Arnold, also in attendance, asserted that he was not in possession of the settlement funds.[6]

**Attorney-Client Relationship**

The Court learned of the increasingly hostile relationship between the Scotts and their bankruptcy attorney when Mr. Arnold filed his Motion to Withdraw as Attorney. (Doc. 87.) According to Mr. Arnold, when Mrs. Gathings notified him of the State Court Case, he advised the Debtors to list the lawsuit in their bankruptcy schedules and to turn over any funds from the lawsuit to the Trustee. (Doc. 95 at ¶ 7.) Evidently, this advice prompted discord, resulting in Mrs. Scott expressing that "it was her …. money, along with many other curse words." (*Id.*) Mr. Arnold informed the Debtors on March 4, 2022, that the Trustee had still not received the settlement funds, and that once Mr. Arnold's office received the net settlement funds from the

---

funds.

[6] The Court granted in part the Debtors' Motion to Use Personal Injury Proceeds and allowed the Debtors to use only $3,500 of the proceeds because they were paying only a small portion of their unsecured claims under the confirmed plan. During the hearing, the Court did acknowledge that the Debtors were current on their plan payments.

Trustee, Mr. Arnold would arrange a time for the Debtors to obtain the funds. (Doc. 90 at 8.) In an email from the Scotts to Mr. Arnold's office dated March 16, 2022, the Scotts asked that Mr. Arnold contact Mrs. Gathings and "request payment." (Doc. 90 at 7.) The correspondence further stated that "if not able, we request you contact attending judge with same respectful request and require payment from Mrs. Gathings." (*Id.*) Soon after, Mr. Arnold filed his Motion to Withdraw (doc. 87), citing an inability to effectively represent the Scotts based on material misrepresentations, and that Mrs. Scott had cursed and made threats at him and his staff. The Court subsequently granted the Motion to Withdraw. (Doc. 92.) The Scotts aver they could not get any help from their bankruptcy attorney and "only asked [Mr. Arnold] to resolve this matter by contacting Mrs. Gathings or by contacting the Honorable Court." (Doc. 90 at 3.)

## II. CONCLUSIONS OF LAW

**The Refund**

The Motion for Refund asks this Court to require Mr. Arnold to disgorge at least half or more of his attorney fee. The award of compensation and reimbursement of expenses for a professional employed in a bankruptcy case pursuant to 11 U.S.C. § 327 are governed by 11 U.S.C. § 330 of the Bankruptcy Code. *See In re Tarrant*, 349 B.R. 870, 894 (Bankr. N.D. Ala. 2006). The section provides, in pertinent part, as follows:

\* \* \* \* \* \*

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

5

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

"Section 329 provides the statutory basis for Bankruptcy Rule 2016(b), which governs the procedure for disclosure of compensation paid or promised to debtors' attorneys." *In re Davis*, No. 00-73045-CMS-13, 2007 WL 1219718, at *7 (Bankr. N.D. Ala. Apr. 25, 2007). "Fee disputes, particularly those in which total disgorgement or sanctions are at issue, are extremely unpleasant for all parties; and, generally, totally unnecessary." *See Id.* "They seldom arise when all parties have diligently complied with the Bankruptcy Code, the Bankruptcy Rules, and the specific orders of the court within individual cases." *See Id.*

Mr. Arnold received $450 of his attorney's fee from the Debtors prepetition and, under the Confirmation Order of July 18, 2019, a balance of $1,300 remained to be paid through the Trustee.[7] Mr. Arnold disclosed the compensation requested and attested in his Response that he performed 21.6 hours of work on the Scotts' case at an hourly rate of $170. (Doc. 95, Ex. 2, Ex. 3, Ex. 6.) Mr. Arnold's fee request, before reduction by this Court, was typical for debtors filing chapter 13 cases in this District. Yet, one of the Scotts' main arguments is that Mr. Arnold's fee should be reduced again, even though this Court has already reduced his fee from $3,500 to $1,750.

---

[7] According to the Trustee, Mr. Arnold has received, through plan distributions, the $1,750 attorney's fee awarded under the Confirmation Order in this chapter 13 case.

6

The Court finds that Mr. Arnold properly disclosed his fee request when he filed the Scotts' chapter 13 case, and the Scotts have shown no evidence that Mr. Arnold violated the Federal Bankruptcy Rules. In addition, the Court finds that Mr. Arnold met the requirements of Local Bankruptcy Rule 2016-1(l)(1), except attending the confirmation hearing under paragraph (1)(C). Based on the record, it appears that the attorney-client relationships with both Mr. Arnold and Mrs. Gathings did not sour until the Scotts failed to receive the lawsuit settlement proceeds as they had expected.

Bankruptcy courts have discretion to require complete or partial disgorgement of attorney's fees when necessary. *See In re Migiano*, 242 B.R. 759 (Bankr. S.D. Fla. 2000) (finding the reduction in compensation was warranted due to excessive time unnecessarily expended by counsel's inefficient representation); *In re Whaley*, 282 B.R. 38 (Bankr. M.D. Fla. 2002) (requiring attorney to disgorge $500 retained without disclosure under Bankruptcy Rule 2016); *In re Davis*, No. 00-73045-CMS-13, 2007 WL 1219718 at *42 (Bankr. N.D. Ala. Apr. 25, 2007) (sanctioning counsel with fee reduction for failing to comply with disclosure requirements of 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016); *In re McIntosh*, No. 13-11774, 2015 WL 6736740 at *10 (B.A.P. 9th Cir. Nov. 3, 2015), aff'd, 697 F. App'x 569 (9th Cir. 2017) (no abuse of discretion in concluding attorney was not entitled to any fees as a result of his ethical violation; disgorgement was proper).

Mr. Arnold admits that he did not appear at the Scotts' confirmation hearing. As a consequence of his failure to appear, the Court reduced his attorney fee to $1,750. The Court is not inclined, and finds no basis, to deduct more from Mr. Arnold's attorney fee. Other than his failure to appear at the confirmation hearing, the Scotts have not provided the Court with evidence of ineffective representation by Mr. Arnold or his noncompliance with the Bankruptcy

Rules. Even with many unanswered questions about the settlement proceeds, the good news for all parties is that, according to the Trustee, the Scotts are performing well under their chapter 13 plan, they are moving forward with their chapter 13 case, and they appear to be on schedule to complete their plan within the remaining plan term.

**The Settlement Proceeds**

The Debtor's Motion for Refund also requested, in essence, a turnover of the workers' compensation settlement monies from the State Court Case to the Debtors. A bankruptcy court may approve a compromise or settlement of a debtor's claim pursuant to Bankruptcy Rule 9019(a). Rule 9019 gives a court broad discretion in approving compromises. *In re Tarrant*, 349 B.R. at 893, citing *In re Kay,* 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998). Mrs. Gathings sought approval of her employment as special counsel for the Debtors as required by § 327 (doc. 71), and she sought approval of her compensation and expenses as required by § 330. (Doc. 58.) Both applications were approved by this Court. (Docs. 72, 74.) At the hearing for the Motion to Approve Compromise and Settlement on August 11, 2020, Mrs. Gathings stated that she was not yet in possession of the settlement funds and the Trustee attested to the same. At a later hearing for the Motion to Use Personal Injury Claim Proceeds on December 1, 2020, Mr. Arnold stated that he was not in possession of the settlement funds. Nothing in the record or the exhibits indicates that the Scotts, Mr. Arnold, Mrs. Gathings, or the Trustee has had possession of the settlement proceeds since the settlement was consummated between the parties in the State Court Case. As noted, this Court approved the settlement nearly 2 years ago and required payment of the settlement proceeds to the Trustee. (Doc. 66.) For reasons unknown to this Court, the settlement proceeds are not accounted for and have not been paid to the Trustee as ordered.

## III. CONCLUSION

It is obvious that the Scotts are very frustrated because they have not received the settlement proceeds from the State Court Case. To complicate matters, information about the settlement proceeds is incomplete, and no one has provided details to this Court about the settlement funds, when the defendant or her counsel will disburse them, or why the long delay. This is certainly not the first case in this District where a bankruptcy trustee claimed an interest in a debtor's lawsuit settlement to the surprise and displeasure of the debtor.

On the other hand, the automatic stay and other protections afforded to the Scotts by virtue of their chapter 13 case come at a cost, including full disclosure and potential claims by the Trustee or creditors against assets *including* lawsuit settlements.

This Court previously reduced Mr. Arnold's attorney fee by half, and as a result, the Scotts have paid him $1,750—instead of the $3,500 they agreed to—for representation in this successful chapter 13 case. The Court is not persuaded that the present situation, as frustrating as it is for the Scotts, warrants further reduction or disgorgement of the partial attorney fee received by Mr. Arnold.

On a related note, this Court ordered payment of the net settlement proceeds from Mrs. Scott's workers' compensation case to the Chapter 13 Standing Trustee on August 12, 2020, without objection or appeal. (Doc. 66.) At the time of the instant Order, nearly 2 years later, the Trustee still has not received the required settlement funds.

Consistent with these findings and conclusions, it is hereby **ORDERED**, **ADJUDGED,** and **DECREED** that the Debtors' Motion for Refund and the Request for the release of settlement proceeds are **DENIED.**

However, it is further **ORDERED** that a status conference regarding the settlement proceeds of the State Court Case is scheduled for Thursday, June 30, 2022, at 9:30 a.m. CDT in Courtroom No. 1 of the Vance Federal Building, 1800 Fifth Avenue North, Birmingham, Alabama 35203. Debtors' special counsel, Honora Gathings and the Gathings Law Firm, shall appear in person at the status conference to provide information to the Court regarding the State Court Case and the resulting settlement proceeds.

The Clerk of Court is hereby directed to serve a copy of this Order on Honora Gathings and the Gathings Law firm by first class mail and by electronic mail.

Dated: June 9, 2022

/s/ D. Sims Crawford  
D. SIMS CRAWFORD  
United States Bankruptcy Judge